**IT IS ORDERED as set forth below:**



Date: December 2, 2021

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| In re: : | |
| : | CASE NO. **20-11069-PMB** |
| **PATRICK ALAN ROBINSON,** : | |
| : | CHAPTER 7 |
| Debtor. : | |
| : | |
| : | |
| **DOLORES PRESS, INC.** : | |
| **and MELISSA SCOTT,** : | |
| : | |
| Plaintiffs, : | |
| : | ADVERSARY PROCEEDING |
| v. : | |
| : | NO. **20-1038** |
| **PATRICK ALAN ROBINSON,** : | |
| : | |
| Defendant. : | |
| : | |

## ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is the *Plaintiffs' Amended Motion for Entry of Default Judgment,* filed by

Dolores Press, Inc. and Melissa Scott, the above-named Plaintiffs (the "Plaintiffs"), against the

Chapter 7 Debtor-Defendant named above (the "Debtor") on September 29, 2021 (Docket No. 26)(the "Motion") under Federal Rule of Bankruptcy Procedure 7055, incorporating Federal Rule of Civil Procedure 55(b). In the Motion, the Plaintiffs seek entry of default judgment against the Debtor, finding that their claim against the Debtor in the asserted amount of $318,900.06 is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). *See also Memorandum of Law in Support of Plaintiffs' Amended Motion for Entry of Default Judgment* (attached to the Motion as Exhibit 1)(the "Plaintiffs' Memorandum of Law"). The Plaintiffs' claim arises from the *Amended Judgment and Permanent Injunction* entered by the United States District Court for the Central District of California (the "California District Court") on April 6, 2021 (the "District Court Judgment")[1] in the consolidated case[2] styled *Dolores Press, Inc., et al. v. Patrick Robinson, et al.*, No. CV 15-02562 PA (PLAx)(the "California Litigation"), awarding the Plaintiffs $302,715, plus any costs of suit awarded under Federal Rule of Civil Procedure 54 (collectively, the "Judgment Debt").[3] The District Court Judgment was entered pursuant to several Minute Orders, including the District Court Minute Order of February 23, 2021 granting default judgment (the "District Court Order")(copy attached to the Hewitt Declaration as Exhibit "A").

---

[1] A copy is attached as Exhibit "B" to the *Declaration of Andrew E. Hewitt* (the "Hewitt Declaration"), which is itself attached to the Motion as Exhibit 2.

[2] The Plaintiffs also filed *Dolores Press, Inc., et al. v. Patrick Robinson, et al.*, No. CV 16-01275 PA (PLA).

[3] On review of the District Court Judgment and the District Court Order, the California District Court entered judgment for statutory damages in the sum of $293,250 and attorneys' fees of $9,465 under the federal Copyright Act. (*See* 17 U.S.C. §§ 504(c) and 505). The California District Court also granted a permanent injunction against the Debtor and the other defendants. In their Motion, the Plaintiffs add these amounts together to produce a sum of $302,715, to which they now seek to add the amount of $16,185.06 in expenses as costs of suit awarded by the California District Court under Fed.R.Civ.P. 54, for a total of $318,900.06. *See* District Court Judgment, ¶¶ 4 & 6; *see also* Hewitt Declaration, citing Expense Reports attached thereto as "C" and "D." Under Rule 54(d), however, the California District Court should determine the amount of the costs under Rule 54(d)(1), and whatever amount is awarded in that regard is included in the Judgment Debt determined to be nondischargeable herein.

2

### *Background*

The Plaintiffs initiated this Adversary Proceeding (the "Adversary Proceeding") against the Debtor by filing a *Complaint to Determine Dischargeability of Debt Against Patrick Alan Robinson Pursuant to 11 U.S.C. § 523(a)(6)* on November 2, 2020 (Docket No. 1)(the "Original Complaint").[4]  Thereafter, on December 7, 2020, the Court entered an *Order Granting Motion of Dolores Press, Inc. and Melissa Scott for Relief from the Automatic Stay* (Main Case Docket No. 30)(the "Stay Relief Matter") to allow the Plaintiffs to continue their prosecution of the California Litigation.[5]  The Court also entered an *Order Staying Adversary Proceeding* on December 18, 2020 (Adversary Docket No. 11).  Following entry of the District Court Judgment (as originally entered), the Plaintiffs filed a *Notice of Entry of Final Judgment* herein on March 2, 2021 (Docket No. 13), whereupon the Court entered its *Order That Adversary Proceeding Is No Longer Stayed*

---

[4] The above-styled Chapter 7 case was filed by the Debtor on July 21, 2020 and reassigned from Judge W. Homer Drake, Jr. to Judge Paul M. Baisier on October 6, 2020 (Main Case Docket No. 18).  The Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. § 1334 and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. §§ 1408 and 1409.  The Original Complaint was timely filed in accordance with 11 U.S.C. § 523(c) and Fed.R.Bankr.P. 4007(c).  *See also Notice of Chapter 7 Bankruptcy Case*, filed on July 21, 2020 (Main Case Docket No. 6).

[5] The California Litigation had been commenced through the filing of several complaints asserting copyright and trademark infringement, which matters were later consolidated.  As stated by the Plaintiffs in the Stay Relief Matter:

> The Movants [Plaintiffs] now seek relief from the automatic stay so that they may continue litigating their copyright and trademark disputes in the Central District of California, where the remaining defendants are situated and where the district court can more capably adjudicate the Movants' claims, apportion liability, and calculate damages. Bankruptcy serves many purposes, but avoiding ongoing litigation in another forum that is best suited to adjudicate multi-party disputes is not one of them. The district court has become intimately familiar with the facts underlying the parties' cases. The court has ruled on dispositive motions, including a motion for summary judgment, and substantial discovery has been conducted to date. Although further discovery is needed, a trial date had been set for October prior to the Debtor's bankruptcy filing.

*Motion of Dolores Press, Inc. And Melissa Scott for Relief From The Automatic Stay*, ¶ 3 (Main Case Docket No. 11)(the "Stay Relief Motion").

on March 8, 2021 (Docket No. 14). The Plaintiffs then filed their *Amended Complaint to Determine Dischargeability of Debt Against Patrick Alan Robinson Pursuant to 11 U.S.C. § 523(a)(6)* with respect to the Judgment Debt on April 14, 2021 (Docket No. 20)(the "Complaint").

In the Complaint, the Plaintiffs contend that the Debtor willfully engaged in an effort to infringe on Plaintiffs' intellectual property rights for personal gain and benefit absent authorization and after Plaintiffs formally notified the Debtor to cease and desist such efforts. The Plaintiffs allege the Debtor's actions were part of a plan to initiate and fund litigation regarding the proper ownership of certain copyrighted works, as discussed in more detail below.

To date, the Debtor has not filed a responsive motion or answer or otherwise defended against the claims set forth in this Adversary Proceeding.[6] A review of the docket reveals that the Plaintiffs served the Debtor and his bankruptcy counsel with an Alias Summons, issued on April 16, 2021, and a copy of the Complaint on April 19, 2021. *See Certificate of Service of Summons and Amended Complaint* (Docket No. 22).[7] Based on the *Plaintiffs' Application for Clerk's Entry Of Default* and the *Declaration of Matthew M. Weiss in Support of Plaintiffs' Application for Clerk's Entry of Default*, filed by the Plaintiffs on May 20, 2021 (Docket No. 23), the Clerk entered a Default against the Debtor herein on May 21, 2021 (the "Default")(Docket, *passim*). In the *Declaration of Matthew M. Weiss in Support of Plaintiffs' Amended Motion for Entry of Default*

---

[6] The Debtor and his counsel did appear at the hearings held regarding the Stay Relief Matter on October 14, 2020 and December 2, 2020 and stated they did not oppose the stay relief sought by the Plaintiffs.

[7] The Plaintiffs had previously served the original Summons issued on November 3, 2020 along with a copy of the Original Complaint on the Debtor and his attorney on November 8, 2020. *See Certificate of Service of Summons and Complaint* filed on November 9, 2020 (Docket No. 5).

4

*Judgment*, attached to the Motion as Exhibit 3 (the "Weiss Declaration"), counsel for the Plaintiffs states that the Debtor was served with the Alias Summons and Amended Complaint in accordance with Federal Rule of Bankruptcy Procedure 7004(b).[8] The Debtor has not sought to reopen the Default. The certificate of service attached to the Motion reflects that it was served on the Debtor and counsel on September 29, 2021, and to date the Debtor has also not responded to the Motion. As a result, the Motion is unopposed. *See* BLR 7007-1(c).[9]

### *Standard of Review*

The entry of a default judgment under Rule 7055, Fed.R.Bankr.P. is discretionary, and a defendant's default does not mean there is a basis for entry of a judgment. Rather, a "sufficient basis in the pleadings" must be shown and it is only the "well-pled allegations of fact" that will support a default judgment since a default "does not admit conclusions of law." *In re Bohanon*, 2017 WL 2634980, *1 (Bankr. N.D. Ga. June 19, 2017), *quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015)(*per curiam*)(non-responding defendant "deemed to admit the plaintiff's well-pleaded allegations of fact"), quoting *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). As the United States Supreme Court has said, a complaint must also set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

---

[8] As stated in the Weiss Declaration, it does not appear that the Debtor is a minor, an incompetent person, or currently serving in active military service. *See also* Fed.R.Civ.P. 55(b)(2); "Servicemembers Civil Relief Act" (50 U.S.C. § 3901 *et seq*.).

[9] At a hearing held on December 2, 2020 on the Stay Relief Motion, the Debtor stated that he did not intend to offer any opposition in the Adversary Proceeding.

### *Discussion*

Exceptions to discharge are narrowly construed to advance the fresh start policy promoted in the Bankruptcy Code. *See In re Lowery*, 440 B.R. 914, 921 (Bankr. N.D. Ga. 2010)(citing *Hope v. Walker* (*In re Walker* ), 48 F.3d 1161, 1164–65 (11th Cir. 1995)). The Plaintiffs bear the burden of proof in showing by a preponderance of the evidence that the Judgment Debt should be excepted from discharge under 11 U.S.C. § 523. *Grogan v. Garner*, 498 U.S. 279, 286-88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

As noted above, the Plaintiffs seek relief under 11 U.S.C. § 523(a)(6). Section 523(a)(6) states the following:

> (a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity….

11 U.S.C. § 523(a)(6). With respect to the necessary showing to prove a "willful and malicious injury" under Section 523(a)(6), willfulness is established by demonstrating that the debtor acted with actual intent to cause the resulting injury to an aggrieved party, such as an intentional tort, as distinguished from an intentional act that leads to an injury. *See In re Crumley*, 2011 WL 7068913, at *2 - *3 (Bankr. N.D. Ga. Aug. 10, 2011), citing *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Conduct displaying a reckless indifference to the rights of another resulting in injury does not meet this standard. *Crumley, supra; see also In re Held*, 734 F.2d 628, 629 (11th Cir. 1984). Evidence that a debtor acted with 'substantial certainty' in connection with an injury, however, is sufficient for purposes of satisfying the test for willfulness.

*Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012); *see also Crumley, supra*, citing *Woolley v. Woolley (In re Woolley)*, 288 B.R. 294, 301-02 (Bankr. S.D. Ga. 2001).

With respect to maliciousness, a plaintiff must show the conduct at issue was "wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill will." *Jennings, supra*, 670 F.3d at 1334, quoting *Walker, supra*, 48 F.3d at 1164 (citation omitted). In addition, a "showing of a specific intent to harm another is not necessary." *In re Ikner*, 883 F.2d 986, 991 (11th Cir. 1989).

As alleged in the Complaint, the Plaintiffs filed the California Litigation to protect their intellectual property rights in certain copyrighted works of Dr. Gene Scott, a renowned minister with a worldwide audience, and to recover damages based on the alleged willful infringement of those rights by the Debtor and the other defendants named therein. As further alleged in the Complaint, upon his death, through his will Dr. Scott left the entirety of his rights in all his intellectual property to Plaintiff Melissa Scott ("Pastor Scott"), who was his wife and sole successor to his ministry. Among this property was Dr. Scott's copyrighted works and teachings, including his sermons and nightly programs transmitted by cable, broadcast and satellite television, and radio and simultaneously recorded. Later, Dr. Scott made his videos and works available via the internet. The Plaintiffs state that notice of his copyright accompanied each work. Plaintiff Dolores Press, Inc. now holds the exclusive license to the rights of Pastor Scott, which includes her rights "in and to the audiovisual recordings of the teachings of Dr. Scott," that it sells for a fee. Complaint, ¶ 7, and *see* ¶¶ 13-21. The Debtor was a follower of Dr. Scott and allegedly claimed to be his true successor, charged with disseminating Dr. Scott's sermons and teachings. Complaint, ¶¶ 2-3.

The Plaintiffs further allege that the Debtor requested permission from Pastor Scott to display certain of these works, but she refused through counsel, who warned him not to do so. The Debtor communicated his intent to display his copies of these works and "dared" Pastor Scott to issue a cease and desist letter that the Debtor believed he needed to get the matter into court. Complaint, ¶¶ 23-31.   The Debtor proceeded to distribute and display many of Dr. Scott's works, posting them online and thereby causing a number of infringements of Pastor Scott's copyrights. Complaint, ¶¶ 30-42.   Plaintiffs' counsel sent a cease and desist letter on January 26, 2015, and the Debtor responded by reasserting his belief that he was entitled to display the works.   As noted above, the Plaintiffs initiated the California Litigation with the filing of their first lawsuit on April 7, 2015 for copyright and trademark infringement.

The Plaintiffs contend that the findings made by the California District Court in the District Court Order regarding the Debtor's liability and liquidating their claim for damages support their argument that the Judgment Debt is nondischargeable as an obligation arising in connection with a "willful and malicious injury" under Section 523(a)(6).   *See* Plaintiffs' Memorandum of Law, pp. 3-4.   Citing the District Court Order, the Plaintiffs note that the California District Court stated as follows:

> Defendant Robinson [the Debtor] initially wrote to plaintiff Melissa Scott to seek permission to utilize 391 copies of Dr. Scott's works.  When Melissa Scott declined, Robinson uploaded copies of these works to the internet through his website, Doc's Dream.   At the same time that he formed Doc's Dream, Robinson also formed Truth Seekers to 'house the funds' that he raised from various contributions through the online videos he posted.

*Id.*, quoting District Court Order, p. 2.

Collateral estoppel or issue preclusion applies in dischargeability proceedings to bar the re-litigation of previously decided findings of fact. *Grogan v. Garner, supra*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755. This Court must apply the law of the court issuing the prior judgment. In this case it appears that the California Litigation was based on federal question jurisdiction, since copyright and trademark infringement are federal claims,[10] and thus federal preclusion principles would apply.[11] The Eleventh Circuit has articulated the standard for applying collateral estoppel to a federal judgment in a dischargeability action as follows:

1. The issue in the prior action and the issue in the bankruptcy court are identical;

2. The determination of the issue in the prior action was a critical and necessary part of the judgment in that litigation;

3. The burden of persuasion in the discharge proceeding must not be significantly heavier than the burden of persuasion in the initial action; and

4. The bankruptcy issue was actually litigated in the prior action.

---

[10] The California District Court entered the District Court Order and the District Court Judgment under the federal Copyright Act contained in Title 17 of the United States Code.

[11] *See Harris v. Jayo (In re Harris)*, 3 F.4th 1339, 1344 n. 2 (11th Cir. 2021), quoting *CSX Transp. Inc. v. General Mills, Inc.*, 846 F.3d 1333, 1335 (11th Cir. 2017). The Plaintiffs are stated to be a California corporation and resident of California, respectively, while the Debtor is a resident of Georgia. Although no formal proffer of the basis of jurisdiction has been offered herein, the California District Court docket refers to federal question. If the District Court Judgment was based on diversity jurisdiction, the applicable elements of collateral estoppel would be furnished by reference to state law. Under California law, the test is stated as follows:

> (1) the issue sought to be precluded from litigation must be identical to that litigated in the former proceeding, (2) the issue must have been actually litigated in the former proceeding, (3) the issue must have been necessarily decided in the former proceeding, (4) the decision in the former proceeding must have been final and on the merits, and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*In re Turner*, 204 B.R. 988, 992 (B.A.P. 9th Cir. 1997)(citation omitted); *see also Cal-Micro, Inc. v. Cantrell*, 329 F.3d 1119, 1123-24 (9th Cir. 2003).

*Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)*, 62 F.3d 1319, 1322 (11th Cir. 1995)(citation omitted), cited in *In re Ragland*, No. 20-40394-BEM, 2021 WL 2189015, at *3 – *4 (Bankr. N.D. Ga. May 28, 2021).[12]

With respect to the first element of identity of the issues, the California District Court's recitation of facts and award of damages suggests that the Debtor's actions infringed on and did cause compensable injury to the Plaintiffs' property rights.[13]  Willfulness in a copyright infringement action is not equivalent to "willful" as used in a dischargeability action under 11 U.S.C. § 523(a)(6) because the former may include reckless disregard.  *See Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008); *see also Symantec Corp. v. Cristina (In re Cristina)*, 2011 WL 766966, *4 (Bankr. S.D. Fla. Feb. 24, 2011)(debtor must have known conduct infringed on copyright).   Still, it has been held that "'[i]ntentional infringement is tantamount to

---

[12] The Eleventh Circuit has also stated in a bankruptcy context that:

> To claim the benefit of collateral estoppel the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*See Christo v. Padgett,* 223 F.3d 1324, 1339 (11th Cir. 2000)(citation omitted); *see also See General Ret. Sys. Of Detroit v. Dixon (In re Dixon)*, 525 B.R. 827, 835 (Bankr. N.D. Ga. 2015).

[13] Based on the election of the Plaintiffs, the California District Court awarded statutory damages rather than actual damages and profits.  Such damages are available due to the difficulty in proving actual damages and lost profits in infringement suits.  *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991).  Further, the California District Court declined to increase the award to the maximum statutory amount of $150,000 per infraction as requested based on willful infringement, finding instead that the minimum amount of $750 per work infringed ($750 x 391 = $293,250) was sufficiently substantial to satisfy the "compensatory and punitive purposes" of 17 U.S.C. § 504(c).  As noted above, the California District Court also found that "equitable factors support the issuance of permanent injunctive relief" and "enjoin[ed] Defendants from distributing, copying, reproducing, and creating derivatives of any of Dr. Gene Scott's copyrighted works" under Section 502(a), and found an award of attorneys' fees warranted under Section 505 of the Copyright Act.  *See* District Court Order, pp. 2-3.

intentional injury under bankruptcy law' because 'the intent to infringe and the intent to deprive the mark's owner of the value and benefit of his property are opposite sides of the same coin.'" *Skydive Arizona, Inc. v. Butler (In re Butler)*, 2013 WL 5591922, *5 (Bankr. N.D. Ga. Sept. 9, 2013)(finding district court decision on trademark infringement entitled to preclusive effect in nondischargeability action), quoting *In re Mucci*, 458 B.R. 802, 813 (Bankr. D. Conn. 2011).[14]

The District Court Order does not specifically find that the Debtor's actions were "willful" and "malicious." From the recitation of the factual background contained therein, and when taken as a whole, however, this Court finds that the issues are sufficiently identical in the prior action and this case to support collateral estoppel. The California District Court stated that the Plaintiff owned a valid copyright in the subject works, the Debtor, who had started a "competing ministry," recognized this fact and requested the Plaintiff's permission to use the works, the Plaintiff refused to consent to the Debtor's use of the works, and the Debtor made the decision to assert control over them anyway and displayed these works over the internet to his monetary benefit. It appears

---

[14] As other courts have observed:

> 'When the injury alleged is copyright infringement, a plaintiff must show that the debtor intentionally infringed the plaintiff's copyright. *Focusing on the debtor's intent to perform an act— the infringement—is appropriate in this context because unlike other contexts in which a debtor's intentional act may or may not cause injury, intentional copyright infringement does not have "uncertain or variable outcomes."* In other words, intentional infringement of a copyright or trademark is "tantamount to intentional injury under bankruptcy law" because "it is impossible to separate the 'conduct' of trademark infringement from the 'injury' of trademark infringement when considering the defendant's intent." Furthermore, a debtor who intentionally infringes a copyright "is charged with the knowledge of the natural consequences of his actions[,]" such as the harm that will result from the infringement. *Thus, a debtor who intentionally infringes a copyright is charged with the knowledge that injury to the copyright holder is sure, or substantially certain, to result.*'

*China Central Television, et al. v. Bhalla (In re Bhalla)*, 573 B.R. 265, 277 (Bankr. M.D. Fla. 2017)(emphasis in original), quoting *Cristina, supra* , 2011 WL 766966, at *4, citing *Star's Edge, Inc. v. Braun (In re Braun)*, 327 B.R. 447, 450-51 (Bankr. N.D. Cal. 2005), *Smith v. Entrepreneur Media, Inc.*, 2009 WL 6058677, at *9-*10 (B.A.P. 9th Cir. Dec. 17, 2009), *aff'd*, 465 F.App'x 707 (9th Cir. 2012), and *DirecTV v. Deerey (In re Deerey)*, 371 B.R. 525, 534 (Bankr. M.D. Fla. 2007).

11

such action created a legal dispute regarding ownership of and control over these works that by all accounts, the Debtor desired.  *See also* Complaint, ¶¶ 23, 27, 29, & 31.  The award of statutory damages and issuance of a permanent injunction also indicate the California District Court concluded the nature of the Debtor's acts was wrongful and excessive.

As mentioned above, not every instance of intentional infringement of copyright will meet the test of willful and malicious injury under 11 U.S.C. § 523(a)(6).  Based on the specific facts presented herein, however, the Court determines that the Debtor's actions in knowingly displaying Dr. Scott's works despite Pastor Scott's express admonition not to do so sufficiently overlaps with the standard required to support a finding of nondischargeability under Section 523(a)(6).  In view of the foregoing, the Court finds the Debtor's acts in intentionally displaying known copyrighted works for his own purposes despite the copyright holder's clear refusal to authorize such use in infringement on her rights, as relied upon by the California District Court in its ruling, satisfies the first element.  *See Butler, supra*, 2013 WL 5591922, *5 -*7.

With respect to the second element, the determination of the issue in question was a critical and necessary part of the District Court Order and the District Court Judgment in awarding damages and granting a permanent injunction against the Debtor based on the Debtor's infringement under the copyright statute.[15]  Regarding the third element, the burden of persuasion

---

[15] It appears from a review of the California District Court's docket that the District Court Judgment was appealed to the Ninth Circuit Court of Appeals on May 5, 2021.  *See* California District Court Docket Nos. 236 & 235.  The appeal concerns the California District Court's dismissal of other defendants, and does not implicate the parts of the District Court's Judgment on which this Court relies.  Even if an order is on appeal, however, it may be considered final for purposes of issue preclusion.  *See Dixon, supra*, 525 B.R. at 837-38 (court may accord preclusive effect to order on appeal in certain circumstances, court also noted appeal had been dismissed in that case)(citations omitted).  These circumstances are that the issue was "fully heard," the prior court issued a "reasoned opinion," and the "opinion is a proper subject of appellate review."  *Dixon, supra*, 525 B.R. at 838, citing *Robi v. Five Platters, Inc.*, 838 F.2d 318, 327 (9th Cir. 1988)(citations omitted); *see also Federal Trade Comm'n v. Porcelli (In re Porcelli)*, 325 B.R. 868

in this dischargeability matter is not significantly heavier than the burden of persuasion in the California Litigation. In federal copyright infringement actions, a plaintiff "establishes a prima facie case of copyright infringement by proving by a *preponderance of the evidence* (1) that it owns a valid copyright in the work allegedly infringed, and (2) that the defendant copied that work." *Donald Frederick Evans & Assoc. v. Continental Homes, Inc.*, 785 F.2d 897, 903 (11th Cir. 1986)(citation omitted)(emphasis supplied). As noted above, the standard of proof in a dischargeability action is also preponderance of the evidence. *Grogan, supra*, 498 U.S. at 287, 291, 111 S.Ct. 654.

With regard to the fourth element, whether the matter was "actually litigated," the District Court Order was entered on a motion for default judgment filed by the Plaintiffs against the defendants including the Debtor herein. In *Bush, supra*, the Eleventh Circuit affirmed application of the above test to accord preclusive effect to a default judgment in a subsequent nondischargeability action finding the "actually litigated" requirement satisfied. There, the court reasoned re-litigation was not warranted where the debtor had "substantially participated" in the prior action and judgment had been entered as a sanction for the debtor's failure to cooperate in discovery. 62 F.3d at 1324-25.[16] *See also Creech v. Virulet (In re Creech)*, 782 F.App'x 933

---

(Bankr. M.D. Fla. 2005). In *Dixon*, the court found that the matter had been fully litigated because the district court had considered the submissions of the *pro se* debtor, and even if it had not as a sanction for failure to participate, the debtor's failure was based on his own decision. 525 B.R. at 837. This Court may take judicial notice of matters entered on the docket in the California Litigation under Federal Rule of Evidence 201(b), (c)(1), and (d). *See Dixon, supra*, 525 B.R. at 838; *see also Kennedy v. Najarian Capital LLC and Ashpen LLC (In re Kennedy)*, 2021 WL 1396565, *4 (Bankr. N.D. Ga. April 13, 2021)(taking notice of state court online dockets). This Court also finds the pendency of the appeal not to be material to the disposition of this matter because, as noted *infra*, the default judgment granted herein could be based solely on the unrebutted allegation in the Complaint, without consideration of the District Court Judgment. *See infra*, pp. 16-17.

[16] In *Bush, supra*, the court noted that under the federal preclusion rule, default judgments ordinarily are not granted preclusive effect since "'a party may decide that the amount at stake [in the prior proceeding] does not justify the

(11th Cir. 2019)(finding matter was actually litigated where party answered, filed affirmative defenses, and dispositive motions and, for a time, was represented by counsel).[17]

Although the District Court Order and the District Court Judgment were not entered on a default basis as a sanction, this Court finds that the issue presented for decision herein was "actually litigated" based on the Debtor's years of active participation in the California Litigation that ended following his subsequent decision to cease doing so and concede. A review of the lengthy docket in the California Litigation reveals that this action arises in a series of six (6) separate lawsuits regarding related copyright and trademark infringement claims between these and other parties that were eventually consolidated.[18] The Debtor did not merely concede at the outset. This protracted litigation has been pending at least six (6) years, during which time the Debtor has taken part as evidenced by his filing of an answer and counterclaim with the other defendants, as well as motions and responses, including a motion for summary judgment that was denied by the California District Court on July 1, 2020. (California District Court Docket No.

---

expense and vexation of putting up a fight.'" *Id.* at 1324 (citing *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983)). The court found preclusion appropriate in that case because *after* actively participating in the prior suit, the defendant "engaged in dilatory and deliberately obstructive conduct," supporting an exception to the rule denying preclusive effect for a default judgment in the subsequent case. *Id.* at 1324; *see also Ragland, supra,* 2021 WL 2189015 at *4 (denying preclusive effect to default judgment where debtor had *not* participated in prior district court litigation); *compare In re Moir*, 291 B.R. 887, 892 (Bankr. S.D. Ga. 2003)(applying collateral estoppel where defendant had answered interrogatories, filed a counterclaim, submitted discovery requests, and filed motion for summary judgment in prior federal court suit).

[17] In *Virulet, supra*, the court held that a default judgment entered as a discovery sanction qualified for preclusion in accordance with Illinois law. 782 F.App'x at 937.

[18] As noted above, the lead case, *Dolores Press, Inc. v. Robinson*, Case No. 2:15-cv-2562, was filed in 2015.

14

163).[19] During most of that time, he was represented by counsel.[20] Eventually, the Debtor elected not to continue to trial in the California Litigation and decided instead to go into default.[21] A matter may be considered to have been actually litigated in a default judgment context based on participation and if the party had a full and fair opportunity and the motivation to litigate the matter in question—a full-blown trial on the merits is not necessarily required. *Dixon, supra*, 525 B.R. at 836-38; *Moir, supra*, 291 B.R. at 893.[22]

The California District Court entered default judgment after evaluating the sufficiency of the motion under Ninth Circuit law. The California District Court also awarded damages, stating allegations regarding such request "'must be supported by some evidence.'" California District Court Order p. 2 (citation omitted). Although the Debtor stated in the Debtor's Concession that he no longer had the means to continue, he had participated in the California Litigation for some time. No matter how earnestly the Debtor may have believed that he understood Dr. Scott's true wishes with regard to who and how his works were to be displayed, on the record presented, it

---

[19] Previously, the Ninth Circuit Court of Appeals had affirmed the decision of the California District Court granting Plaintiffs' motion for summary judgment in a related defensive action in which the defendants, including the Debtor, asserted a claim of complete abandonment of copyright. *See Doc's Dream, LLC v. Dolores Press, Inc. and Melissa Scott*, 766 F.App'x 467 (9th Cir. 2019).

[20] The California District Court approved the withdrawal of Debtor's counsel on July 14, 2020 (California District Court Docket No. 169).

[21] On December 21, 2020, the Debtor filed *Defendant's Concession to a Default* [and] *Request Courts to Consider a Statement of Facts Before Rendering a Judgment* (District Court Docket No. 216)(the "Debtor's Concession"). A *Default by Clerk F.R.Civ.P. 55(a)* was entered on January 19, 2021 (California District Court Docket No. 221), whereupon the Plaintiff was directed to file a motion for default judgment on January 21, 2021 (California District Court Docket No. 222).

[22] Compare *Nautilus, Inc. v. Yu (In re Yu)*, 545 B.R. 633, 643 (Bankr. C.D. Cal. 2016)(applying collateral estoppel to prior federal willful trademark infringement default judgment finding debtor had full and fair opportunity to litigate matter). Further, under California law, the requirement of an "express finding" can be waived if the court in the prior action "necessarily decided" the issue. *Price v. Reddin (In re Reddin)*, 626 B.R. 845, 855-56, 859-60 (Bankr. E.D. Cal. 2021)(citation omitted).

15

appears that the Debtor knowingly asserted control over these works in violation of Pastor Scott's copyright by displaying copies of same in complete disregard of her stated refusal to allow such use in order to provoke a legal challenge regarding this matter. As the Debtor subsequently realized, however, his legal dispute with the Plaintiffs "took on a life of its own." Debtor's Concession, p. 1.

Based on the above discussion and given the facts presented herein, the Court will apply collateral estoppel under the federal standard referenced herein to the issue of the Debtor's alleged commission of a willful and malicious injury through his infringement of copyrighted material in violation of Pastor Scott's property rights as determined by the California District Court. At the very least, as shown by the recitation in the District Court Order, the Debtor must have known that such injury was substantially certain to occur as a result of his conduct, thus satisfying the requisite showing of willfulness. In addition, as stated above, maliciousness does not require a finding of spite, but may be established as shown here through conduct that was wrongful and without just cause. *See Butler, supra*, 2013 WL 5591922, at *6 (difficult to imagine a setting where a defendant could intentionally misuse another person's trademark and show just cause or excuse).

This conclusion is buttressed by the fact that in this case, beyond the District Court Order, this Court's findings in support of nondischargeability are also supported by the allegations in the Complaint and other documents filed of record along with the Motion, which are deemed admitted in light of the Debtor's failure to oppose them. On review, the Court finds that these factual

allegations alone are set forth in sufficient detail to establish the necessary elements under 11 U.S.C. § 523(a)(6).[23]

Finally, the Plaintiffs seek to include expenses of $16,185.06 as costs of suit in connection with their nondischargeable award from the California District Court. In addition to the California District Court's finding of liability against the Debtor, it also liquidated the amount of the Plaintiffs' claim and costs were awarded in the District Court Judgment. The Plaintiffs through counsel have offered a summary of their expenses as costs of suit. *See* District Court Judgment, ¶¶ 4 & 6; *see also* Hewitt Declaration, citing Expense Reports attached thereto as "C" and "D." As noted above, the Plaintiffs need to have the California District Court determine their costs under Fed.R.Civ.P. 54(d), and whatever amount is awarded in that regard is included in the finding of nondischargeablity herein.

## *Conclusion*

In view of the foregoing, it is

**ORDERED** that the Motion is **GRANTED** as provided herein, and it is further

**ORDERED** that the Judgment Debt is **excepted from discharge** under 11 U.S.C. § 523(a)(6).[24]

A separate written judgment is entered contemporaneously herewith.

---

[23] From a review of the Original Complaint and the Complaint, it appears the latter was amended following entry of the District Court Order and the District Court Judgment, among other things, to omit the prayer "that any relief awarded to Plaintiffs on account of the Infringement Claims, either in the District Court Lawsuits or by the Bankruptcy Court, including, without limitation, injunctive relief and monetary damages," be declared nondischargeable, and instead to include a prayer "that the [District Court] Judgment is a nondischargeable debt of [the Debtor] pursuant to 11 U.S.C. § 523(a)(6)."

[24] Although Plaintiffs included a prayer for attorneys' fees, expenses, and costs incurred in this matter in the Complaint, and although this request was reserved, it was not supported in the Motion and is **DENIED**.

The Clerk is directed to serve a copy of this Order upon counsel for the Plaintiffs, the Debtor, counsel for the Debtor, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**